**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DWAYNE J. NORTON,**

      **Plaintiff,**

**vs.**                                       **Case No. 4:05cv166-WS/WCS**

**ALLAN KORNBLUM,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed a petition for writ of mandamus, doc. 1, and *in forma pauperis* motion, doc. 2, and a motion for an extension of time, doc. 3.  Ruling was deferred on the *in forma pauperis* motion and Plaintiff was directed to clarify this action.  Doc. 5.  Specifically, Plaintiff was informed that because it appeared he was objecting to an order entered by another magistrate judge in this district, it was likely that he intended to file an objection to be reviewed by the district judge.  *Id.*

Plaintiff responded to that order by filing a nearly identical successive petition for writ of mandamus.  Doc. 6.  Again, this petition requests that a writ of mandamus issue to "coerce" Magistrate Judge Kornblum to enter a ruling in another case pending in this

District and, apparently, grant Plaintiff's motion for relief from judgment.  Doc. 6.  It

appears, however, that in that case, Plaintiff was directed to file a coherent complaint

which sets forth Plaintiff's claims and adequately explains the relief Plaintiff is seeking.

*Id.*

This petition is frivolous.  Plaintiff wants this Court to direct a ruling in a case

where Plaintiff has simultaneously requested an extension of time.  That is nonsensical.

Furthermore, it is inappropriate to file a separate case to challenge proceedings in

another case.  Plaintiff's remedy, of which he was advised by the undersigned in the

prior order (doc. 5), was to file an objection to the district judge assigned to that case to

object to the order of the magistrate judge.  An appeal is the appropriate remedy, not

another case.

More importantly, a writ of mandamus *could* issue from an appellate court to

direct a district court to "correct a clear abuse of discretion or the failure to carry out a

ministerial task."  Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1385 (11th Cir.),

*cert. denied* 525 U.S. 1019 (1998), *explaining* In re Estelle, 516 F.2d 480 (5th Cir.

1975).  This is not such a situation.  The writ is "a drastic remedy, that must not be used

to regulate the trial court's judgment in matters properly left to its sound discretion . . . ."

Estelle, 516 F.2d at 483 , *quoted in* Armstrong, 138 F.3d at 1386, n.22.  Use of the writ

is to aid appellate jurisdiction, not to create judicial inefficiency with piecemeal litigation

or the even more undesirable result "of making a district judge a litigant."  Mallard v.

U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 1822,

104 L.Ed.2d 318 (1989).  In this case, because Plaintiff has other more appropriate

avenues of relief, and because this Court does not sit as an appellate court to review decisions of other district courts, this extraordinary remedy should not issue.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's petitions for writ of mandamus, docs. 1 and 6, be **DENIED** and this case be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b), § 1915(e)(2)(B)(i), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on June 10, 2005.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**